IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

CHARLES BARRETT,                  )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No. 11 C 6000
                                  )
LIFE INSURANCE COMPANY OF NORTH   )
AMERICA, et al.,                  )
                                  )
          Defendants.             )

                       MEMORANDUM ORDER

     Life Insurance Company of North America ("LINA") has filed its Answer in this ERISA action brought against it and the Aon Corporation Long Term Disability Plan ("Plan") by Aon's ex-employee Charles Barrett ("Barrett"). This sua sponte memorandum order is occasioned by the nature of the Answer, which is very much at odds with the federal concept of "notice pleading" that is incumbent on defendants as well as plaintiffs.

     Although this Court will eschew the time-consuming task of attempting a chapter-and-verse explanation of all of the Answer's shortcomings, some examples should inform LINA's counsel of the attitudinal shift that should mark counsel's return to the drawing board. Those examples follow.

     Answer ¶1 is exemplary of a number of paragraphs that set out several LINA admissions, followed by a statement that "LINA denies all remaining allegations in ¶1." But a reading of Barrett's allegations and the response strongly suggests that nothing more than a straight-out admission is what LINA's counsel

ought to have stated in response to Complaint ¶1 (although if there is really something that is denied, which does not seem to be the case, it should be identified to inform the reader-- whether Barrett's counsel or this Court) just what is at issue.[1]

Answer ¶2 appears to reflect LINA's position that Barrett has not "exhausted" his avenues of administrative appeal (some later parts of the Answer appear to assert that as well). If so, notice pleading notions would be far better served by setting out just why that is assertedly so.

Complaint ¶3 is a straightforward allegation of the propriety of bringing this action in this venue. Do LINA's counsel seriously assert, in the subjective and objective good faith commanded by Fed. R. Civ. P. ("Rule") 11(b), that they can call on the disclaimer provisions of Rule 8(b)(5) to get the benefit of a deemed denial?

Answer ¶¶4 and 6 appear facially to pose the same problem as Answer ¶1. They too conclude by stating "LINA denies all remaining allegations of ¶--" while failing to inform the reader just what (if anything) is in dispute between the litigants.

Next, Complaint ¶10 (including its use of italics when it speaks of the definition of "disability"), appears to constitute

---

[1] What has been said in the text appears to apply to a number of other paragraphs in the Answer. It is expected that next time around LINA's counsel will be more forthright in the interest of clarity and of identifying just what matters are in issue between the parties.

2

a direct quotation from the underlying insurance policy. Yet Answer ¶10 reads:

> LINA admits that ¶10 purports to quote the LTD policy's definition of disability/disabled. LINA denies the allegations in ¶10 to the extent they are inconsistent with the terms of the policy. LINA denies all remaining allegations in ¶10.

Has Barrett's counsel, in the interest of complying with the requirements of Rule 8(a) or otherwise, misquoted the applicable provision? If not, just what is LINA's counsel talking about?

By now LINA's lawyer ought to get the message, so no further examples of what is needed in the Answer would seem to be required--at least until LINA's affirmative defenses ("ADs") are addressed. They too are problematic in a number of respects:

   1.  Barrett's Complaint adverts only to an ERISA-based claim. If so, just what point is there to setting up and then proceeding to knock down a straw man as to "common law or state law claims"? That is true as well as to AD 5, which speaks of punitive damages, as the Complaint does not.

   2.  AD 2 is totally uninformative in notice pleading terms. To the extent that LINA contends Barrett has not complied with the underlying insurance policy and the Plan, LINA's counsel owes Barrett's lawyer and this Court the obligation (and courtesy) to spell out the claimed noncompliance.

   3.  ADs 4 and 6 through 9 are flawed in the same

3

fashion as AD 2.

    4. When Barrett's allegations are accepted as accurate, as they must be pursuant to Rule 8(c) and the caselaw applying it (see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), the AD 10 equivalent of a Rule 12(b)(6) motion is ill-founded.

It is really distressing to be required to issue this type of critical memorandum order that targets a lawyer who is not new to the practice--but pleading habits of the type exhibited by the Answer really call for correction. This Court strikes the Answer, without prejudice to the filing of an appropriate Amended Answer on or before December 12, 2011.

No charge is to be made to LINA by its counsel for the added work and expense incurred in correcting counsel's errors. LINA's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                  /s/ Milton I. Shadur
                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Date: November 28, 2011