IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
CHARLES BARRETT,              )
                              )
          Plaintiff,          )
                              )
     v.                       )      No.  11 C 6000
                              )
LIFE INSURANCE COMPANY OF NORTH )
AMERICA, et al.,              )
                              )
          Defendants.         )
```

MEMORANDUM ORDER

This effort by Charles Barrett ("Barrett") to obtain a judicial reversal under ERISA of an adverse decision by Life Insurance Company of North America ("LINA") that terminated his long-term disability under the Aon Corporation Long Term Disability Plan ("Plan") has been met at the starting gate by a joint LINA-Plan motion for a protective order limiting discovery to the administrative record and, relatedly, quashing Barrett's requests for discovery beyond the record. Barrett has tendered a memorandum in opposition to that motion, which is thus ripe for decision.

LINA and Plan have unsurprisingly relied on a Plan provision that draws on the teaching of Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1987) to support the use of an arbitrary-and-capricious standard of review limited to the internal record of decision. But more surprisingly for anyone who is not familiar with all aspects of this area of law, Barrett's knowledgeable counsel has responded by invoking 50 Ill. Admin.

Code §2001.3, which took effect before Barrett's claim accrued on August 18, 2006 with the termination of his benefits.[1]  Here is that rule as promulgated by the Illinois Department of Insurance:

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, by a health carrier, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

In light of ERISA's well-known and sweeping preemption provision (29 U.S.C. §1144(a)) that expressly supersedes all state laws relating to employee benefit plans, what business does a state agency (here the Illinois Department of Insurance) have in throwing a figurative monkey wrench into the machinery of a <u>Firestone</u>-blessed grant of discretion to a plan such as the one at issue here?  To that end Barrett's counsel points to a just as sweeping exception to such preemption, which Congress has embodied in 29 U.S.C. §1144(b)(2)(A):

> Except as provided in subparagraph (B)[inapplicable to this case], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities.

Although our own Court of Appeals has not had occasion to speak to the subject, this Court does not write on a clean slate.

---

[1]  As to the date of accrual, see <u>Hackett v. Xerox Corp. Long Term Disability Income Plan</u>, 315 F.3d 771, 774 (7th Cir. 2003).

2

Barrett's counsel cites two comprehensive opinions from other Courts of Appeals: Am. Council of Life Insurers v. Ross, 558 F.3d 600 (6th Cir. 2009) and Standard Ins. Co. v. Morrison, 584 F.3d 837 (9th Cir. 2009), each of which held that a commissioner-of-insurance adoption of provisions identical in scope to the earlier-quoted Illinois version trumped any plan's discretion-vesting provision wholly comparable to the one at issue here.

Nor are those thoughtful and comprehensive opinions vulnerable to criticism that they reflect some particular ideological bent. Judge Guy Cole spoke for the panel in the Sixth Circuit case, while Judge Diarmuid O'Scannlain wrote for the Ninth Circuit panel--both highly respected jurists who occupy very different sectors of the ideological spectrum. For this Court simply to recapitulate what those opinions have said and held would be "to gild refined gold, to paint the lily"[2]--instead it rests its ruling solidly on those pillars.

In sum, the LINA-Plan motion for protective order is denied. This Court's review will be de novo rather than measured against an arbitrary-and-capricious yardstick, and Barrett may proceed with any discovery relevant to such review.

                                                    _____
                                                    Milton I. Shadur
Date: June 14, 2012    Senior United States District Judge

---

[2] William Shakespeare, King John act 4, sc. 2.